UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISTINA COULSON,

       Plaintiff,                                    Case No: 1:10-cv-275

v                                                     HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration, which denied her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 19), recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's Objections to the R & R (Dkt 22), to which Defendant has filed a response (Dkt 23). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

In recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner, the Magistrate Judge determined (1) that the ALJ properly evaluated the medical evidence, including the ALJ's decision to accord only "limited weight" to the opinion of Steve Geiger, Ph.D., who performed two consultive examinations of Plaintiff; and (2) that the ALJ properly discounted Plaintiff's subjective allegations about her symptoms to the extent her

allegations were inconsistent with the residual functional capacity assessment (R & R, Dkt 19 at 11-16). Plaintiff objects to both determinations of the Magistrate Judge.

In her first objection, Plaintiff argues that the Magistrate Judge proffered erroneous bases "for rejecting Dr. Geiger's opinion" (Objs., Dkt 22 at 2-4). The Magistrate Judge did not reject Dr. Geiger's opinion but, more precisely, found that substantial evidence supported the ALJ's decision to accord limited weight to the opinions expressed by Dr. Geiger (R & R, Dkt 19 at 13). As indicated by the Magistrate Judge, the ALJ was required to consider the six factors of 20 C.F.R. § 404.1527(d) in evaluating Dr. Geiger's opinion and the ALJ's decision reflects that the ALJ did so (R & R, Dkt 19 at 13). *See Kalmbach v. Comm'r of Social Sec.*, 409 F. App'x 852, (6th Cir. 2011) (explaining that even if the ALJ does not give controlling weight to a treating physician's opinion, the ALJ must still consider how much weight to give it, taking into account "the length of the treatment relationship, frequency of examination, the extent of the physician's knowledge of the impairment(s), the amount of relevant evidence supporting the physician's opinion, the extent to which the opinion is consistent with the record as a whole, whether or not the physician is a specialist, and any other relevant factors tending to support or contradict the opinion"); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Plaintiff's first objection does not demonstrate error by the Magistrate Judge, only her disagreement with the ultimate conclusion of the ALJ. However, as the Magistrate Judge pointed out, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference (R & R, Dkt 19 at 2, citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

In her second objection, Plaintiff briefly argues that the Magistrate Judge erred in finding

the ALJ's credibility assessment supported by substantial evidence (Objs., Dkt 22 at 4). Plaintiff contends that it is "unclear whether the R & R is referring only to the physical objective medical evidence in assessing Plaintiff's credibility," and asserts that "[c]ertainly there are medical findings of Plaintiff's mental impairment" (*id.*).

The ALJ, not the reviewing court, is tasked with evaluating the credibility of witnesses, including that of the claimant. *Kalmbach*, 409 F. App'x at 863 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with [the claimaint's] complaints based on a consideration of the entire case record." *Id.* "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Id.* Contrary to Plaintiff's objection, there was no ambiguity in the Magistrate Judge's finding that "the objective medical evidence fails to support Plaintiff's subjective allegations regarding her alleged physical limitations" (R & R, Dkt 19 at 15). The Magistrate Judge properly concluded that substantial evidence exists to support the ALJ's credibility determination in this case.

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 22) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is AFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 15, 2011          /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge